HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AARON C. BRIONES,

    Plaintiff,

BELLINGHAM POLICE DEPARTMENT, ET AL.,

    Defendants.

CASE NO. 24-cv-01063-RAJ

ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

## I.  INTRODUCTION

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff's complaint with leave to amend. Dkt. # 9.

On July 23, 2024, Plaintiff, Aaron C. Briones, filed this action against Defendants Bellingham Police Department, Bellingham Mayor's Office, the City of Bellingham, Brian Henirich, Seth Fleetwood, Rebecca Mertzig, Kim Lund, and Hannah E. Stone. Dkt. # 6. In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable S. Kate Vaughn granted the application. Dkt. # 5.

## II. LEGAL STANDARD

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-cv-378, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

### III. ANALYSIS

Plaintiff's complaint is largely incomprehensible and provides very few details regarding Defendants' alleged actions. Plaintiff appears to state that the Bellingham Police Department has intimidated and threatened Plaintiff over the last three years. The allegations lack specificity, but they indicate law enforcement officers have approached him to tell him he has "no right to be in Bellingham" and have threatened to arrest him on more than one occasion. Mr. Briones also states that the Bellingham Police Department failed to investigate an assault Plaintiff experienced in July 2022. Plaintiff asserts he has sustained injuries as a result of that assault that have not fully healed, but these injuries appear to be unrelated to any police conduct. Plaintiff states he has tried to meet with the police chief and mayor about these issues, but he has not had success.

Plaintiff's claim for relief states in a conclusory fashion that the city police have harassed him and did not investigate his assault claims. While Plaintiff appears to allege police misconduct, the complaint contains no allegations explaining descriptions or names of the officers involved, when the acts occurred, or how the allegations are relevant to Plaintiff's claims against Defendants. There are no allegations that a police officer arrested Mr. Briones without probable cause or used excessive force. Without more specific allegations, Plaintiff has not alleged an officer engaged in pattern of harassing behavior. Even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, his complaint fails to state a claim showing he is entitled to relief.

## IV. CONCLUSION

Taking these allegations as true and construing them liberally, the Court concludes that Plaintiff's complaint is frivolous and fails to state a valid claim for relief. The Court **DISMISSES** Plaintiff's complaint, without prejudice. Dkt. # 9. Plaintiff may file an amended complaint addressing the deficiencies addressed above **within fourteen (14) days from the date of this Order**. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief that Court will dismiss the action.

Plaintiff's Motion to Appoint Counsel is **DENIED as moot**. Dkt. # 7. Plaintiff may renew this motion after he has amended the Complaint addressing the deficiencies above.

Dated this 25th day of November, 2024.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge